UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-22462-CIV-UNGARO/O'SULLIVAN

CIRCUITRONIX, LLC,
    Plaintiff,

v.

SHENZHEN KINWONG ELECTRONIC
CO., LTD., and KINWONG ELECTRONIC
(HONG KONG) CO., LTD.,
    Defendants.
                              /

## ORDER

THIS MATTER is before on the Defendants' Memorandum of Law Pursuant to Magistrate Judge O'Sullivan's Order Regarding Privileged Documents Dated November 20, 2018 (DE# 145, 12/7/18). Having reviewed the memorandum, response and reply as well as declarations of legal experts and others, having conducted an in camera inspection of the un-redacted documents filed under seal, and having heard argument, and for the reasons stated on the record at the January 9, 2019 hearing, it is

ORDERED AND ADJUDGED as follows:

1. That the Court grants in part and denies in part the defendants' claim of attorney-client privilege for 12 of its documents. The defendants, as the parties invoking the attorney-client privilege, have the burden of proof. See, Bell Tel. & Tel. Co. v. Deason, 632 So. 2d 1377, 1383 (Fla. 1994).

2. The following three documents contain e-mail communication between outside legal counsel and the defendants' in house counsel and top management personnel that are protected by the attorney-client privilege

under Florida law, Section 90.502 of the Florida Statutes: Bates stamped documents SHZ-KHK0864356, SHZ-KHK0864375, and SHZ-KHK0864359. The undersigned finds that all redacted portions of Bates stamped documents SHZ-KHK0864356 and SHZ-KHK0864375 are privileged. As determined by the undersigned during the hearing, the defendants shall provide Bates stamped document SHZ-KHK0864359 with additional portions that the Court ordered un-redacted.

3. One of the remaining nine documents, Bates stamped document SHZ-KHK0751275, is privileged because it is an e-mail communication dated June 15, 2018, which is after this lawsuit commenced, from Wen Li, Shenzhen Kinwong's in-house counsel, to Shenzhen Kinwond and Kinwong HK employees that discusses this lawsuit and renders legal advice to the defendants regarding the lawsuit based on information relayed to Ms. Li by their litigation team at Greenberg Traurig in Florida.

4. To the extent that the defendant claims privilege for communications with in house counsel who were not licensed Chinese lawyers, the attorney-client privilege does not apply. See, Wultz v. Bank of China, Ltd., 979 F. Supp. 494 (S.D.N.Y. 2013) ("To the extent [the defendant] has claimed privilege over communications from, to and among members of legal or other departments who are not licensed attorneys, the attorney-client privilege does not apply.") (citing Anwar [v. Fairfield Greenwich Ltd., 306 F.R.D. 117, 120 (S.D.N.Y. 2013)]. Based on the facts of the subject lawsuit as well as the district court's analysis in Wultz, the Court finds that

the attorney-client privilege does not apply to the defendant's in house counsel for the remaining eight Bates stamped documents: SHZ-KHK0553045, SHZ-KHK0553046, SHZ-KHK0553062, SHZ-KHK0553063, SHZ-KHK0553306, SHZ-KHK0553311, SHZ-KHK0553339, and SHZ-KHK0554013. Although the law in China changed effective December 20, 2015 to standardize the qualification criteria for different types of legal professionals according to the defendants' legal expert, Li Wensheng, all of the eight remaining documents were dated before December 20, 2015 and none of the defendants' in house counsel were "newly admitted to practice law after December 20, 2015." See Declaration of Li Wensheng, at ¶ 4 (DE# 145-6, 12/7/18).

5. The undersigned finds that there was no subjective reasonable belief that the defendants believed their in house counsel were authorized to practice law in China. Under Chinese law, there is no attorney-client privilege and at least prior to the recent change in 2015, in-house counsel in China are not persons authorized to practice law. There can be no reasonable mistake as to whether an in house counsel in China served as a licensed attorney. Fla. Stat. § 90.502; see, Anwar v. Fairfield Greenwich Ltd., 306 F.R.D. 117, 120 (S.D.N.Y. 2013) (holding that "even if the [defendants] mistakenly believed that Dutch law protected their communications with an un-licensed in-house [Dutch] attorney, the reasonable belief exception would not apply").

ORDERED AND ADJUDGED that on or before January 16, 2019, the

defendants either shall file their objection(s) to the undersigned's rulings or shall provide the documents that the Court ordered un-redacted to the plaintiff.

**DONE AND ORDERED** in Chambers at Miami, Florida this 9th day of January, 2019.

JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE