# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-22462-UU

CIRCUITRONIX, LLC,

    Plaintiff,

v.

SHENZHEN KINWONG ELECTRONIC
CO., LTD., *et al.*,

    Defendants.
_____/

## **ORDER**

THIS CAUSE comes before the Court upon the memoranda of law on unjust enrichment and damages (D.E. 210 & 216).

At the pretrial conference on Friday, February 15, 2019, and in the joint pretrial stipulation (D.E. 193) Defendants stipulated that Kinwong was acting as Shenzhen's agent when it entered into the two contracts at issue here. That raised the question of whether Plaintiff's unjust enrichment claim against Shenzhen could persist when Defendants conceded that an express contract governed the terms of the parties' relationship. To answer that question, the Court ordered the parties to file memoranda. In the memoranda, the parties also address whether the Court's earlier ruling prohibiting Plaintiff from recovering lost profits should be reconsidered.

    **I.**    **The Court's Previous Ruling Stands**

In its order on the motions in limine, the Court precluded Plaintiff from presenting any evidence of lost profits because Plaintiff failed to disclose its calculations as required by Federal Rule of Civil Procedure 26. D.E. 190. Plaintiff's memorandum provides no basis to reconsider

that ruling. Plaintiff points to no change of law, no previously undisclosed evidence, no error of the Court's, and no manifest injustice. Plaintiff simply repeats its argument, made at the pretrial conference, that Defendants could not be prejudiced by Plaintiff's failure to provide its lost-profits calculation because the calculation would have been so easy. Again, that is not the relevant inquiry to determine if evidence should be excluded by Rule 37. And the Court is left wondering: if the calculation really was so simple, why didn't Plaintiff just do it and provide the it to Defendants as Rule 26 requires?

II. **Plaintiff's Unjust Enrichment Claim is Barred**

The Court's order on the last motion to dismiss provides the foundation for this analysis. *See* D.E. 69. In that order, the Court explained that "'it is well established that a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter.'" *Id*. at 11 (quoting Kirchner v. Ocwen Loan Servicing, LLC, 257 F. Supp. 3d 1314, 1324 (S.D. Fla. 2017)); *see also Martorella v. Deutsche Bank Nat. Trust Co.*, 931 F.Supp.2d 1218, 1227 (S.D. Fla. 2013)); *Alberta Ltd. v. Netpaying, Inc.*, 2011 WL 1103635, at *5 (M.D. Fla. Mar. 24, 2011) (same); *Zarrella v. Pac. Life Ins. Co.*, 755 F.Supp.2d 1218, 1227 (S.D. Fla. 2010)(same). The Court dismissed the unjust enrichment claim as to Kinwong because Kinwong admitted that it was a party to the agreements and therefore an express contract governed the dispute. D.E. 69 at 11–12. The Court refused to dismiss the unjust enrichment claim against Shenzhen, however, because "Shenzhen *does* dispute that it is bound by the Agreements; specifically, it disputes Plaintiff's agency theory." *Id*. (emphasis in original); *see also* Second Amended Complaint (D.E. 48) ¶ 75 ("Kinwong HK entered in the Settlement Agreement with CTX, including the Revised Schedule A, as [Shenzhen's] agent.").

2

Defendants no longer dispute Plaintiff's agency theory. Therefore, Defendants have removed the foundation from Plaintiff's unjust enrichment claim. Nevertheless, Plaintiff argues that the claim should survive for two reasons: (1) the Court invalidated the liquidated damages clause of the Settlement Agreement and (2) Shenzhen is not a party to the agreement.

As to the first, Plaintiff argues that when a material provision of an underlying contract has been challenged, an unjust enrichment claim may proceed alongside a breach of contract claim. Plaintiff stretches the caselaw further than it will go. Plaintiff's cases stand for the proposition that when a plaintiff challenges the enforceability the contract *in its entirety*, the plaintiff may maintain a parallel claim in equity. *See, e.g.*, *Hayes v. Moon*, No. 16-80365-CIV, 2017 WL 2547205, at *4 (S.D. Fla. June 13, 2017) (collecting Florida cases). But there is no support for Plaintiff's proposition that an unjust enrichment claim may proceed when the enforceability of a single provision is challenged.

Critically, that the Court invalidated the liquidated damages provision has not affected the parties' duties and responsibilities under the agreement. The parties remain bound by their duties and obligations under the agreement, and as such, are subject to the remedies provided by contract law.[1] Accordingly, the policy that permits a parallel claim in equity is not applicable here. *See Mobil Oil Corp. v. Dade County Esoil Management Co., Inc.*, 982 F.Supp. 873 (S.D. Fla. 1997) (holding that an equitable remedy is not permissible when there is an adequate remedy at law); *see also Proudfoot Consulting Co. v. Gordon*, 576 F.3d 1223, 1245 (11th Cir. 2009) (rejecting a plaintiffs attempt to obtain equitable relief in a breach of contract case because those remedies are not available in such cases). Plaintiff's first argument, therefore, fails.

---

[1] As discussed in the Court's summary judgment order, contract law does not permit a liquidated damages provision that amounts to a penalty.

Plaintiff's second argument—that Shenzhen is still not a party to the agreement notwithstanding the admitted agency—is similarly unsupported by the cases Plaintiff cites. Plaintiff argues that for an agreement to fully cover the scope of contracting parties' relationship, such that unjust enrichment would be foreclosed, both parties must be have their names written on the agreement. This argument fundamentally misunderstands the nature of agency. An agent stands in its principal's shoes for all purposes within the scope of the agency, and a principal is bound by a contract executed by its principal as if it had entered the agreement itself. *Original Appalachian Artworks, Inc. v. S. Diamond Assocs., Inc.*, 911 F.2d 1548, 1549 n.1 (11th Cir. 1990) ("when agent has authority to bind the principal, and principal is disclosed, the contract is the principal's 'contract as much as if he had executed it in person.'") (quoting F. Mechem, Outlines of the Law of Agency § 296 (4th ed. 1952)). Accordingly, Plaintiff's second argument fails.

Because Plaintiff's unjust enrichment claim is foreclosed and because disgorgement damages are not available in breach of contract cases, Plaintiff is foreclosed from seeking those damages at trial. *See Proudfoot*, 576 F.3d at 1245 (holding that disgorgement damages are not available in breach of contract cases). The Court strongly urges the parties to continue their negotiations in an effort to resolve their differences.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of February, 2019.

*[signature]*
_____
UNITED STATES DISTRICT JUDGE

cc: counsel of record via cm/ecf