UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:17-CV-22462-UNGARO (SEITZ)

CIRCUITRONIX, LLC,

      Plaintiff,

v.

SHENZHEN KINWONG ELECTRONIC
CO., LTD., and KINWONG ELECTRONIC
(HONG KONG) CO., LTD.,

      Defendants.

_____/

## ORDER DENYING MOTION FOR PARTIAL JUDGMENT AS A MATTER OF LAW[1]

This matter is before the Court on Defendants' Rule 50 Motion for Partial Judgment as a Matter of Law [DE 269], in which Defendants seek judgment as a matter of law holding that Defendants did not breach paragraph 5 of the Settlement Agreement as to General Motors (GM) and Nissan. During the course of the trial the Court heard argument on the Motion and reserved ruling. Resolution of the Motion depends on interpretation of the parties' Settlement Agreement. The Court finds that Defendants' interpretation of the relevant clauses of the Settlement Agreement is inconsistent with the language used, with other parts of the Agreement, and with the evidence presented at trial. Therefore, Defendants' Motion is denied.

*The Contract Language*

The contract language at issue for purposes of this Motion is the circumvention provision of the Settlement Agreement and portions of Revised Schedule A. The circumvention provision states:

---

[1]This Order and the Final Judgment were originally signed on May 21, 2019. For reasons unknown to the Court, this Order and the Final Judgment were never entered into the electronic docket (CM/ECF). To avoid any timing issues, the Court has re-dated the Order and the Final Judgment.

Until May 24, 2012 or, with respect to any particular entity listed on Schedule "A," for two (2) years from the date of the last purchase order filled by Kinwong from that particular entity, whichever comes later, Kinwong, and its parent and subsidiary companies, and each of these entities' affiliates, directors, officers, servants, agents, insurers, attorneys, employees, stockholders, successors, divisions, related companies, survivors, heirs, executors and assigns shall not directly or indirectly commence negotiations to enter into any type of business transaction, or enter into any type of business transaction, with any entity listed on Schedule A, except through Circuitronix, nor shall Kinwong circumvent, attempt to circumvent, avoid, or by-pass Circuitronix in any way.

DE 48-3, ¶5. Revised Schedule "A" includes the following:

B) Lear: All locations shown at (http://www.lear.com/en/contact/locations.aspx) and Automotive companies who we have existing projects for:

1. GM
2. Nissan
3. Leoni

Additionally the following is agreed upon:

* * *

d) Should Kinwong receive an order from a Lear customer through another EMS company which has not disclosed the name of the customer Kinwong will not be held liable for accepting the order. As soon as the name of the customer is known Kinwong agrees to cease accepting the orders and will advise Circuitronix. The premise of this clause is that there is no contact between Kinwong and the customer and the customer does not visit any of Kinwong's Manufacturing facilities.

DE 48-4 at 3.

*Discussion*

Defendants maintain that the language "from that particular entity" in paragraph 5, quoted above, means that the circumvention provision only kicks-in after Defendants receive a purchase order directly from one of the entities listed in Revised Schedule A. Defendants argue that because there is no evidence that GM or Nissan ever directly issued any purchase orders Defendants are entitled to judgment as a matter of law as to Plaintiff's claims based on sales

directly by Defendants to GM and Nissan. Plaintiff, on the other hand, maintains that nothing in the Settlement Agreement, including the "from that particular entity" language, requires that orders from GM and Nissan must be placed directly by GM or Nissan and cannot be placed on their behalf by an EMS, such as Lear, in order for the circumvention provision to be in effect as to GM and Nissan.

In order to determine the meaning of these provisions, the Court must apply the rules of contract construction.

> The basic rule of contract construction gives priority to the intention of the parties. In upholding the intentions of the parties, a court must construe the agreement as a whole, giving effect to all provisions therein. Moreover, the meaning which arises from a particular portion of an agreement cannot control the meaning of the entire agreement where such an inference runs counter to the agreement's overall scheme or plan.

*Moore v. State Farm Mut. Auto. Ins. Co.*, 916 So. 2d 871, 875 (Fla. 2d DCA 2005) (citations omitted). Thus, the meaning of any particular phrase must be determined by an examination of the entire contract, not just that one phrase. *Specialized Machinery Transport, Inc. v. Westphal*, 872 So. 2d 424, 426 (Fla. 5th DCA 2004). Additionally, a contract should be construed according to its plain language. *Rosen v. Harborside Suits, LLC*, – So. 3d – , 2018 WL 6518264, *2 (Fla. 3d DCA 2018). Applying these basic rules of contract construction to the parties' Settlement Agreement results in the denial of Defendants' Motion.

Neither side disputes that there is evidence of purchase orders that came from Lear on behalf of GM and Nissan. The issue is whether these orders triggered the circumvention clause as to GM and Nissan. Defendants argue that the "from that particular entity" clause must be read as meaning "directly from that particular entity," while Plaintiff argues that the clause should be read as "directly or indirectly from that particular entity." Using the plain meaning of the word

3

"from" leads to the conclusion that Plaintiff's interpretation is correct. Merriam Webster's Collegiate Dictionary, Tenth Edition, defines "from" as "used as a function word to indicate a starting point." The evidence established that the starting points of orders that flowed through Lear were GM, Nissan, and others. Further, the "general-terms canon" states that without some indication to the contrary, general words are to be accorded their full and fair scope and are not to be arbitrarily limited. *Lenzi v. Regency Tower Association, Inc.*, 250 So. 3d 103, 105 (Fla. 4th DCA 2018) (citations omitted). Defendants' interpretation of the clause would arbitrarily limit the meaning of the word "from" in violation of this canon and without evidence that the parties so intended. Thus, the orders from Lear on behalf of GM and Nissan would trigger the circumvention provision as to GM and Nissan.

This conclusion is further supported by subparagraph d) of Revised Schedule A, which indicates that Defendants would be in violation of the circumvention clause if they knowingly received an order from another EMS on behalf of one of the customers listed under Lear, specifically GM, Nissan, or Leoni. Thus, when read in conjunction with paragraph 5 of the Settlement Agreement, these two provisions imply that the circumvention provision is triggered as to GM or Nissan by any order placed by Lear on behalf of GM or Nissan.

Additionally, the evidence presented at trial was that GM and Nissan always placed their orders through Lear. Considering this evidence also leads to the conclusion that the circumvention clause should be read as "directly or indirectly from that particular entity." Otherwise, the inclusion of GM and Nissan on Revised Schedule A would have been superfluous and, thus, contrary to the rule of construction that every provision of a contract is deemed to serve some purpose. *See Land O'Sun Realty Ltd. v. REWJB Gas Investments*, 685 So. 2d 870,

4

872 (Fla. 3d DCA 1996). If GM and Nissan always placed orders through Lear and never placed orders directly, there would be no reason to list them on Revised Schedule A.

Consequently, the language of the circumvention clause, language in Revised Schedule A, and the evidence presented at trial all support the conclusion that the circumvention provision is triggered as to GM and Nissan by an order placed by Lear on behalf of GM or Nissan. Therefore, Defendants' Motion must be denied. Accordingly, it is

ORDERED that Defendants' Rule 50 Motion for Partial Judgment as a Matter of Law [DE 269] is DENIED.

DONE AND ORDERED in Miami, Florida, this 6 day of June, 2019.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:     All counsel of record