UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-22462-CIV-UNGARO/O'SULLIVAN

CIRCUITRONIX, LLC,

Plaintiff,

v.

SHENZHEN KINWONG ELECTRONIC
CO., LTD., and KINWONG ELECTRONIC
(HONG KONG) CO., LTD.,

Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Circuitronix, LLC's Supplemental Motion for Attorneys' Fees and Costs (DE# 376, 5/5/20). This matter was referred to Chief United States Magistrate Judge John J. O'Sullivan by the Honorable Ursula Ungaro, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b). Having carefully considered the issues, the court file, and applicable law, the undersigned respectfully recommends that Circuitronix, LLC's Motion for Attorneys' Fees and Costs (DE # 376, 5/5/20) be **DENIED** in accordance with the following Report and Recommendation.

## BACKGROUND

The issue of fees and costs was brought before the court previously in Circuitronix, LLC's (hereinafter referred to as "CTX" or "the plaintiff") first Motion for Attorney Fees and Costs on August 5, 2019. (DE #320, 8/5/19). The district court adopted the undersigned's Report and Recommendation and awarded $1,179,345.00 in

fees and costs to CTX, against Kinwong Electronic Co., Ltd., (hereinafter referred to as "Kinwong" or "the defendant"). The Court issued an Order on the Plaintiff's Motion for Attorneys' Fees on March 17, 2020 (DE #360, 3/17/20), the defendant filed a notice of appeal of the Order on March 31, 2020 (DE #364, 3/31/20), and the plaintiff filed a notice of cross appeal of the Order on April 15, 2020. [DE # 372, 4/15/20).

## DISCUSSION

The plaintiff seeks additional fees and costs in the amount of $119,701.73 from the defendant. The attorneys' fees and costs the plaintiff seeks at this time were expended in furtherance of the plaintiff's prior motion for attorneys' fees. This request for fees is not properly before this Court. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Green Leaf Nursery v. El DuPont De Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003) (internal quotation marks omitted.) When an appeal is taken from the actual attorneys' fees judgment, the issue of attorneys' is not collateral to the other issues in the case and an appeal of an attorneys' fees judgment divests a district court of jurisdiction over attorneys' fees issues. *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Companies, Inc.*, No. 08–cv–80254, 2010 WL 5464180, at *3 (S.D. Fla. Dec. 1, 2010) (The "Plaintiff's appeal of the initial attorneys' fee award divests this Court of jurisdiction to consider a supplemental motion which involves common issues to those presently on appeal."); *see also Echols v. Parker*, 909 F.2d 795 (5th Cir. 1990) (finding that an appeal of an attorney's fees judgment divests a district court of jurisdiction over any attorney's fees issues). Here, both parties have

appealed this Court's attorneys' fees ruling. Accordingly, this Court does not have jurisdiction over the issue of the award of attorneys' fees, because the jurisdiction over the issue of attorneys' fees is with the Eleventh Circuit. This Court, therefore, lacks jurisdiction to address the instant fees motion, and it should be denied.

Because the undersigned finds that this Court lacks the necessary jurisdiction over the issue of attorney's fees, the undersigned declines to address the other issues raised by the parties in their filings with respect to this motion. Accordingly, the undersigned respectfully recommends the denial of an award for further fees and costs associated with this case at this time.

## RECOMMENDATION

In accordance with the foregoing Report and Recommendation the undersigned respectfully recommends that Circuitronix, LLC's Supplemental Motion for Attorney's Fees and Costs (DE # 376, 5/5/20) be **DENIED**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Ursula Ungaro, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED at the United States Courthouse in Miami, Florida, this 13th day of August 2020.

_____
CHIEF UNITED STATES MAGISTRATE JUDGE
JOHN J O'SULLIVAN