UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-22462-CIV-UNGARO/O'SULLIVAN

CIRCUITRONIX, LLC,

      Plaintiff,

v.

SHENZHEN KINWONG ELECTRONIC
CO., LTD., and KINWONG ELECTRONIC
(HONG KONG) CO., LTD.,

      Defendants.

                        /

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Defendants' Motion to Reduce Plaintiff's Judgment under Rule 60(b)(3) and Incorporated Memorandum of Law (DE# 363, 3/26/2020). This matter was referred to Chief United States Magistrate Judge John J. O'Sullivan by the Honorable Ursula Ungaro, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b) (DE# 369, 4/13/2020). Having carefully considered the motion, the Plaintiff's Opposition to Defendants' Motion to Reduce Plaintiff's Judgment under Rule 60 (b)(3) (DE# 368, 4/9/2020), the Defendants' Reply in Further Support of Their Motion to Reduce Plaintiff's Judgment under Rule 60(b)(3) (DE# 374, 4/16/2020), the court file, and applicable law, the undersigned respectfully recommends that the Defendants' Motion to Reduce Plaintiff's Judgment under Rule 60(b)(3) and Incorporated Memorandum of Law (DE# 363, 3/26/2020) **be DENIED** in accordance with the following Report and Recommendation.

## **BACKGROUND**

Circuitronix, LLC[1] filed this action against the defendants in July 2017. A second amended complaint was filed in February 2018. (DE # 48, 2/13/18).  The case proceeded as a breach of contract claim.  At the conclusion of an eight day trial in April 2019, the jury returned a verdict in favor of the plaintiff finding the defendants breached the contract, and awarded the plaintiff $1,006,832.00.  The Court entered Final Judgment in favor of the plaintiff in the amount of $1,006,832.00 on June 6, 2019.  (DE # 292, 6/6/19).

In the Defendants' Motion to Reduce Plaintiff's Judgment under Rule 60(b)(3) and Incorporated Memorandum of Law (DE# 363, 3/26/2020), the defendants argue that "CTX and its attorneys committed fraud on this Court by fabricating a critical piece of evidence to obtain the majority of CTX's $1 million judgment." Motion at 4-5 (DE# 363, 3/26/2020). The defendants contend that the assignment of claims between CTX and its affiliates was a fraudulent, post-filing assignment created to defeat the defendants' standing defense. Id. Two assignments are at issue in this case.  The Assignment that was produced in response to written discovery that was executed in August 2018; and the "newly discovered" Prior Assignment that was executed in late January or early February 2017 that was produced the day before the deposition of Rishi Kukreja in a trademark case.[2]

The defendants are "not asking the Court to annul CTX's judgment or retry this

---

[1]Circuitronix, LLC is also referred to as "CTX" and "the plaintiff" in this Report and Recommendation.

[2]*Shenzhen Kinwong Elec. Co. Ltd., et al. v. Kukreja, et al.,* No. 18-cv-61550-RKA (S.D. Fla.) (hereinafter "the Trademark case").

case." Id. at 23.  The defendants implicitly concede that the plaintiff had standing to pursue its own breach of contract claims in this action. The defendants ask this Court to reduce the plaintiff's judgment by $715,747.29, the amount of damages purportedly attributable to the plaintiff's affiliates.  The defendants claim that the deposition testimony of Rishi Kukreja taken in February 2020 in the Trademark case constitutes "newly discovered evidence" that reveals the plaintiff and its attorneys committed a fraud on the court regarding the assignment of the affiliates' claims to the plaintiff and warrants Rule 60(b)(3) relief.

In its response, the plaintiff argues that the defendants' motion lacks merit and was not filed within a reasonable time as required by Rule 60(b)(3).  The plaintiff argues the defendants' "unfounded fraud allegations are based upon the flawed proposition that a contract which is signed after the 'Effective Date' is somehow unlawful, fraudulent or dishonest." Plaintiff's Opposition to Defendants' Motion to Reduce Plaintiff's Judgment under Rule 60(b)(3) at 6 (DE# 368, 4/9/2020).  The plaintiff maintains that "[n]o witness or attorney for CTX ever misrepresented the date on which the agreement was **signed**, as Kinwong now falsely claims."  Id. at 7 (emphasis in original).  The plaintiff argues further that "Kinwong's fraud argument also fails because it is based on the demonstrably false assertion that CTX's related corporations **did not in fact assign** their rights on January 16, 2017, and that this Court was wrong to conclude that 'Plaintiff's related corporations assigned their rights and claims related to this case prior to Plaintiff filing suit.'" Id. at 7-8. (emphasis in original).  The plaintiff contends that the defendants' lack of diligence in pursuing a challenge to the validity of the assignment through discovery or cross-examination at trial in this case also precludes relief under Rule 60(b)(3).  Response at 9.

3

Finally, the plaintiff asserts that the defendants' motion should be denied as untimely because it was filed more than eight months after first accusing the plaintiff and its attorneys of fraud on the court.

In their reply, the defendants argue that "[i]nstead of addressing the motion head on, CTX stakes its defense on the Prior Assignment [D.E. 368-1]—which did not surface until February 2020—arguing that it exculpates CTX's submission of the now admittedly back-executed Assignment of Claims to defeat Kinwong's lack of standing defense.  Neither this argument, nor the Prior Assignment, can withstand scrutiny." Reply at 4 (DE# 374, 4/16/2020).  The defendants' maintain that the Prior Assignment is a *post hoc* fabrication. Id. The defendants argue that it "defies logic" that the plaintiff did not mention the Prior Assignment at any of the prior court hearings in this case or the Trademark case when asked about the execution of the Assignment of Claims with the January 2017 effective date.  Reply at 5.  The defendants argue further that the Assignment of Claims is a back-executing document, not a back-dating document.  The defendants maintain that the plaintiff "cannot cite to any case, from any jurisdiction, condoning what it actually did—misrepresenting the *signing date* of a post-litigation assignment to mislead the Court into finding that it was a [sic] signed pre-litigation, and then failing to correct the misrepresentation."  Reply at 9 (emphasis in original).  The defendants argue that the plaintiff's conduct, fabrication of evidence, constitutes fraud on the Court. Id. (citation omitted).  The motion is ripe for disposition.

## ANALYSIS

I.  Rule 60(b)(3) Standard

Rule 60(b)(3) of the Federal Rules of Civil Procedure authorizes the court to grant relief to a party "from a final judgment, order or proceeding for ... fraud, misrepresentation, or misconduct by an opposing party..." Fed. R. Civ. P. 60(b)(3). To be timely, a motion under Rule 60(b)(3) must be filed "within a reasonable time ... and ... no more than a year after the entry of the judgment or order...." Fed. R. Civ. P. 60(c)(1).   The burden is on the Rule 60(b)(3)  movant to "prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct."  Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003); Booker v. Dugger, 825 F.2d 281, 283 (11th Cir. 1987); Suite 225, Inc. v. Lantana Ins. Ltd., 625 Fed. App'x 502, 508 (11th Cir. 2015) (unpublished); Gupta v. Walt Disney World Co., 482 Fed. App'x 458, 459 (11th Cir. 2012) (unpublished). Additionally, the movant must establish that the fraud "prevented the losing party from fully and fairly presenting its case or defense." Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1287 (11th Cir. 2000) (citation omitted). "[T]he law is clear that Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal."  American Bankers Ins. Co. of Florida v. N.W. National Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999)(citation omitted).  Alternatively, the court may grant relief from a fraudulent judgment through its "inherent powers."  Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).

5

II.     Rule 60(b)(3) Relief Should Be Denied

The defendants have failed to show by clear and convincing evidence that the assignment of claims from plaintiff's affiliates constituted a fraud on the Court. Additionally, the defendants have failed to show that the plaintiff's alleged fraud denied the defendants a full and fair opportunity to present their defense of lack of standing. See Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003). Neither speculation regarding the circumstances surrounding the assignment nor strategic decisions not to seek discovery regarding the assignment in the present case are sufficient to obtain relief from a judgment pursuant to Rule 60(b)(3). Id. (affirming the district court's denial of Rule 60(b)(3) relief based on the district court's finding that "Plaintiffs' tactical decisions, not fraud by Defendants, prevented Plaintiffs from fully presenting their case") (citation omitted).  For the reasons set forth below, the undersigned finds that the defendants are not entitled to Rule 60(b)(3) relief and this Court should not reduce the Final Judgment to exclude amounts purportedly due to the plaintiff's affiliates.

A.     No Fraud, Misrepresentation or Misconduct

The defendants seek relief from the Final Judgment on the ground that the plaintiff lacked standing to assert the claims of its affiliates because the Assignment was fabricated and signed after the lawsuit was filed.  The defendants contend that the following conduct constitutes clear and convincing evidence of fraud: 1) the plaintiff's back execution of the August 2018 Assignment to mislead the Court that it was a pre-litigation assignment from the plaintiff's affiliates and failing to correct the Court's finding that the

6

assignment was executed before the plaintiff commenced this action; 2) plaintiff's counsel's billing records that reveal several plaintiff's attorneys incurred significant time researching and discussing the "availability of assigning claims," after the action was filed in order "to defeat Kinwong's lack of standing defense (DE# 321-1) at 40,46; (DE# 355-2);" 3) insinuating to the defendants and Judge O'Sullivan that no back execution occurred; 4) fighting disclosure of the evidence revealing their fraud on various frivolous grounds including privilege objections and impermissible instructions not to answer at the February 2020 deposition in the Trademark case; and 5) fabricating the Prior Assignment to justify their initial back execution of the Assignment.  Motion at 12 ((DE# 363 at 16, 3/26/2020). The defendants conclude that "[t]his sequence permits no inference other than a bad-faith intent to mislead the Court and hamper Kinwong's ability to prosecute its standing defense–which would have precluded CTX from recovering over $715,000." Id.  The defendants argue that "[t]here is no plausible explanation–and CTX has offered none–for failing to honestly frame the Assignment, and instead represent that it was signed "as of" January 2017, other than to mislead Kinwong and the Court that it was a pre-filing assignment. This is clear fraud." Id. at 12-13 (citing Martin v. Autombili Lanborgini Exclusive, Inc., 307 F.3d 1332, 1336 n.2 (11th Cir. 2002); Stonecreek – AAA, LLC v. Wells Fargo Bank, No. 1:12-cv-23850, 2014 WL 12514900, at *2 (S.D. Fla. May 13, 2014) (unpublished); Vargas v. Peltz, 901 F. Supp. 1572, 1581 (S.D. Fla. 1995); and Suite 225, Inc. v. Lantana Ins. Ltd., 625 Fed. App'x 502, 506 (11th Cir. 2015) (unpublished)) (parentheticals omitted).

In their motion, the defendants argue: "[a]s a post-filing assignment of claims cannot retroactively confer standing, CTX and its attorneys manufactured a document in *August 2018* to make it appear that it was a pre-filing assignment–falsely representing that it was signed a year and a half earlier on *January 16, 2017*–and filed it with the Court to defeat Kinwong's standing defense."  Motion at 5 (DE# 363, 3/26/2020) (emphasis in original); see Focus on the Family v. Pinellas Suncoast Transit Authority, 344 F.3d 1263, 1275 (11th Cir. 2003) ("Article III standing must be determined as of the time at which the plaintiff's complaint is filed.").  The crux of the defendants' fraud on the court argument is that the plaintiff misrepresented that the subject Assignment[3] was executed as of January 2017, when in fact it was signed in August 2018. The defendants argue:

> There is no date by Mr. Kukreja's signature, but before the signature block, the document includes an active-verb misrepresentation regarding when the document was executed:
>
> > IN WITNESS WHEREOF, the Parties **have executed this Agreement as of the Effective Date** [*i.e.*, as of January 16, 2017].

Motion at 7 (DE# 363, 3/26/2020) (quoting the Assignment).

In their Rule 60(b)(3) motion, the defendants argue that "[b]ut for this Assignment, Defendants would have prevailed on their standing argument at summary judgment, as the Court held that 'Defendants are correct that 'a corporation does not have standing to

---

[3] See Assignment of Claims Agreement, Exhibit 1 to the Declaration of Rishi Kukreja (DE# 137-3, 11/30/18) (hereinafter "Assignment") that was filed in support of the Plaintiff's Motion for Partial Summary Judgment on Liability, Statement of Undisputed Facts, and Incorporated Memorandum of Law (DE# 137, 11/30/18).

assert claims belonging to a related ... corporation simply because their businesses are intertwined. *Titan5 Holdings Ltd. v. Majuda Corp.,* No. 13-cv-80130, 2013 WL 1664516, at *2 (S.D. Fla. April 17, 2013).'" Motion at 7 (DE# 363, 3/26/2020) (quoting the Order on Summary Judgment at 20 (DE# 187)).

In its response, the plaintiff maintains that "[t]he 'Effective Date' and 'as of' language in the contract here refer to the date CTX and its affiliates first agreed to the assignment. There is no standing defect nor any misrepresentation or misconduct. No witness or attorney for CTX ever misrepresented the date on which the assignment agreement was **signed**, as Kinwong now falsely claims." Response at 7 (DE# 368, 4/9/2020) (emphasis in original). The plaintiff argues further that the defendants "provide[ ] no evidence, let alone the required clear and convincing evidence, that the claims were not assigned at that time." Id. at 7-8. The only evidence attached to the defendants Rule 60(b)(3) motion is the transcript of the deposition of Rishi Kukreja taken on February 13, 2020 in the Trademark case. See Kukreja Deposition Transcript February 13, 2020 (DE# 363-1, 3/26/2020).[4] Mr. Kukreja's testimony in the Trademark case confirms that the parties assigned the claims on January 16, 2017, that plaintiff's corporate counsel drafted a short-form assignment memorandum at that time, and that Mr. Kukreja signed it on or around that date. Response at 8 (citing DE# 363-1 at 394:17-395:17).[5] The defendants argue that the

---

[4]The deposition transcript page numbers will be referenced rather than the docket entry page numbers.

[5]Exhibit 175 to Mr. Kukreja's deposition is the short-form assignment that Mr. Kukreja produced to his counsel in January 2020. Id. at 392:14 - 394:24. Mr. Kukreja testified that Exhibit 175 was an assignment of claims to Circuitronix LLC from Circuitronix

plaintiff has failed to produce the originals and the metadata regarding the Assignment and the Prior Assignment.

In their motion, the defendants acknowledge that they "'must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud misrepresentations, or other misconduct,' and that as a result they were prevented from fully presenting their case.'" Motion at 10 (DE# 363 at 14, 3/26/2020) (quoting Suite 225, Inc. v. Lantana Ins. Ltd., 625 Fed. App'x 502, 508 (11th Cir. 2015) (unpublished) (quoting Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003)). The cases upon which the defendants rely to support their request for relief are legally and factually distinguishable.  See Martin v. Automibili Lamborgini Exclusive, Inc., 307 F.3d 1332 (11th Cir. 2002) (affirming district court's sanction of the plaintiff under its inherent powers for committing a fraud on the court where the plaintiff was not the actual purchaser of the vehicle he claimed was defective); Stonecreek-AAA, LLC v. Wells Fargo Bank N.A., No. 12-CV-23850-Cooke/Turnoff, 2014 WL 12514900 (S.D. Fla. May 13, 2004) (granting motion to dismiss and sanctions under Rule 11 and the Court's inherent power based on fabrication of evidence revealed by testimony of signatories who averred that their signatures were forged and plaintiff's failure to produce original documents for testing); and Vargas v. Peltz, 901 F. Supp. 1572 (S.D. Fla. 1995) (dismissing action and imposing

---

Hong Kong and Circuitronix Shenzhen.  Id. at 394:17-22.  Mr. Kukreja testified that he signed the assignment at the end of January 2017 or the beginning of February 2017.  Id. at 395:13-16.  When asked when he  found the assignment marked as Exhibit 175, Mr. Kukreja stated that he always knew he had it. Id. at 396:17-21.  Mr. Kukreja admitted that Exhibit 111 to his deposition, the assignment executed in August 2018, did not refer to the assignment marked as Exhibit 175.  Id. at 403:6-18; 406:13-16; 409:4-8.

sanctions under Court's inherent power where defendant's evidence showed that plaintiff fabricated evidence committed perjury and obstructed justice in presenting false claims of sexual harassment). Each of these cases included hard evidence of fraud not speculation. None of the cases sought relief under Rule 60(b)(3).

In the present case, the record evidence shows that in late January or early February 2017, the plaintiff's affiliates assigned their claims against the defendants to the plaintiff more than five months before it filed this action on July 1, 2017.  See Complaint (DE# 1, 7/1/17); see Cox Nuclear Pharmacy, Inc. v. CTI, Inc., 478 F.3d 1303, 1315 (11th Cir. 2007) (denying Rule 60(b)(3) relief where the new evidence "militate[s] *against*" a finding of fraud).  Rather than submit evidence to refute Mr. Kukreja's testimony or contradict the January 2017 Assignment, the defendants offer speculation and conjecture. The defendants conclude that Mr. Kukreja's testimony must be perjury, the January 2017 Assignment must be fraudulent, and that the evidence regarding the assignment of claims by the plaintiff's affiliates must be fabricated.  See Response at 8.  Accusations of fraud without clear and convincing  evidence cannot warrant relief under Rule 60(b)(3).  See Securities and Exchange Commission v. North American Clearing, Inc., 656 Fed. App'x 947, 950 (11th Cir. 2016) (affirming the district court's denial of Rule 60(b) relief because the movant failed to submit evidence of fraud apart from conclusory allegations); Attea v. University of Miami, 678 Fed. App'x 971, 975 (11th Cir. 2017) (affirming denial of Rule 60(b) relief "because [movant] presented slight, if any, evidence that any fraud, misrepresentation, or misconduct occurred") (citation omitted)).

The plaintiff argues that "[c]ontrary to its own statements, Kinwong now argues

11

instead that the ***text of the agreement*** itself misrepresents the date that it was signed."
Response at 2 (DE# 368, 4/9/2020)(emphasis in original). The plaintiff relies on Setai
Hotel Acquisition, LLC v. Miami Beach Luxury Rentals, Inc., 2017 WL 3503371, at *9 (S.D.
Fla. Aug. 15, 2017), wherein the district court analyzed similar language and enforced the
retroactive effective date to defeat a standing challenge.  In Setai, the district court found
that "[r]egardless of the date of the signature on the Lehman Assignment, the express
language therein makes the assignment executed 'as of the date first written above'–which
is clearly February 27, 2015." Id. The Setai court found "that the post-dated signatures ...
do not alter the effective date expressly provided for in the Lehman Assignment."  Id.
(citations omitted).  The undersigned acknowledges that Setai is factually distinguishable
in that both the execution date and the effective date pre-dated the commencement of the
litigation.  The undersigned finds that the Setai court's rationale that the effective date
language governs and grants standing to the plaintiff is persuasive.  In the present case,
the plaintiff's witness and attorneys never misrepresented the date on which the
assignment agreement was signed, as the defendants now claim, and the "effective as of"
language pre-dated the commencement of the subject action. The transcript of the
deposition of Rishi Kukreja taken in the Trademark case is the only evidence that the
defendants attached to their Rule 60(b)(3) motion. The Assignment and the Prior
Assignment were marked as Exhibits 111 and 175 in Mr. Kukreja's deposition.  Mr.
Kukreja testified that the plaintiff's affiliates assigned their claims on January 16, 2017, that
CTX's corporate counsel drafted a short-form assignment memorandum at that time (i.e.
the Prior Assignment), and that Mr. Kukreja signed the Prior Assignment on or around that

date.  Transcript of Kukreja Deposition at 394:17-395:17 (DE# 361-1). The evidence in the record reveals that the assignment of claims occurred approximately five months before the action was filed.  The defendants have not offered record evidence to refute these facts.  Instead, the defendants contend that Mr. Kukreja's testimony must be perjury, that the Prior Assignment must be fraudulent, and that all of the evidence must have been fabricated. Response at 8.  Innuendo, speculation and conjecture do not satisfy Rule 60(b)(3)'s clear and convincing evidence requirement.  See Securities & Exchange Commission v. North American Clearing, Inc., 656 Fed. App'x 947, 949 (11th Cir. 2016) (unpublished) ("Mere conclusory statements of existence of fraud will not suffice.").

The undersigned agrees that the defendants have failed to show by clear and convincing evidence that the plaintiff committed a fraud on the Court by fabricating either the Assignment or the Prior Assignment.  This Court should deny the defendants' Rule 60(b)(3) motion.

B.    The Defendants Had a Full and Fair Opportunity to Present Their Defense

The defendants had a full and fair opportunity to litigate the lack of standing issue regarding the Assignment throughout discovery and at trial.  The defendants' strategic decision not to discover the facts regarding the assignment of the affiliates' claims or cross-examine Mr. Kukreja about it at trial cannot form the basis for Rule 60(b)(3) relief. See Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1310-11 (11th Cir. 2003); Leon v. M.I. Quality Lawn Maintainance, Inc., No. 10-20506-CIV-Simonton, 2018 WL 6250529(S.D. Fla. Nov. 29, 2018)   The defendants raised the lack of standing as an affirmative defense.  See Third Affirmative Defense in Answer (DE# 70, 5/25/18) and

13

Amended Answer (DE# 71, 6/12/18); and Second Affirmative Defense in Answer to Second Amended Complaint (DE# 76).

In their Motion, the defendants concede that "[d]iscovery confirmed that most of the purchase orders on which CTX was suing were actually placed by these distinct companies, CHK and CST, and that neither CTX nor its principal, Mr. Kukreja, had any ownership interest in these companies." Motion at 7 (DE# 363, 3/26/2020) (citing DE# 138 at 20).  Additionally, on September 5, 2018, the plaintiff produced the Assignment as part of its response to written discovery in the present action, but did not raise the assignment of claims in any of its complaints or as part of its Rule 26 disclosures.

The defendants did not focus on the Assignment issue until the defendants began preparing their motion for summary judgment. (DE# 244 at 13-14) ("We didn't catch it, nor did we ask questions in deposition about it."); (DE# 331 at 9) ("[I]t was not something we looked into in discovery."). In support of its contemporaneously-filed summary judgment motion, the plaintiff filed an affidavit from Mr. Kukreja who averred that "the subsidiaries referenced by the Defendants have fully assigned to CTX all of their rights, claims and interest to any matters in this case.  See Exhibit 1." Kukreja Declaration at ¶ 14 (DE# 137-3).  In its opposition to the plaintiff's motion for partial summary judgment as well as during two pretrial conferences held before Judge Seitz, the defendants repeatedly argued that the Assignment was invalid because it "does not bear a signature date, was "signed over on an unknown date," "is not dated," and "does not have a date of execution."  See (DE# 160 at 10; 12/14/18); (DE# 151 at 18; 12/21/18); (DE# 233 at 57; 3/12/19); and (DE# 244, 14; 3/20/19).

14

The plaintiff argues that the defendants could have taken the discovery in the Trademark case in this case.  Despite asserting the affirmative defense that the plaintiff lacked standing to assert the claims of its affiliates, the defendants did not seek pre-trial discovery specifically regarding the assignment; the defendants did not question Mr. Kukreja about the standing issue during two separate days of deposition testimony in the present action; and at trial, the defendants did not question Mr. Kukreja regarding the plaintiff's standing to assert the claims of the plaintiff's affiliates despite the Court's prior invitation to do so.

In the present action, the plaintiff argues that counsel for the defendants conceded that discovery did not occur in this case because its attorneys did not review the Assignment due to their own lack of diligence, not because they were misled.  Response at 9 (DE# 368, 4/9/2020) (citing DE# 244 at 13-14 ("True, it was a needle in the haystack of the many documents produced.  We didn't catch it, nor did we ask questions in deposition about it."); DE# 331 at 9 ("[I]t was not something we looked into in discovery."). "A party cannot successfully bring a Rule 60(b)(3) motion where the 'pursuit of truth was [not] hampered by anything except [the movant's] own reluctance to undertake an assiduous investigation.'" Leon v. M.I. Quality Lawn Maintainance, Inc., No. 10-20506-CIV-Simonton, 2018 WL 6250529, at *5 (S.D. Fla. Nov. 29, 2018) (quoting Armstrong v. The Cadle Co., 239 F.R.D. 688, 695 (S.D. Fla. 2007) (internal citation omitted) (alterations in original)).

In the subject motion, the defendants contend that they did not discover the plaintiff's fraud until after trial when they reviewed the billings records that support the plaintiff's

motion for attorneys' fees. Motion at 5 (DE# 163, 3/26/2020).  The defendants maintain that "[n]ewly discovered evidence has confirmed that CTX and its attorneys committed a fraud on this Court by fabricating a critical piece of evidence to obtain the majority of CTX's $1 million judgment." Id.  The "newly discovered evidence" is the deposition testimony of Rishi Kukreja taken on February 2020 in the Trademark case.The defendants contend that they are "now armed with the smoking gun that CTX's attorneys repeatedly insinuated did not exist:[6] indisputable evidence that '***somebody drafted an assignment after the case [wa]s filed***.'" Motion at 22 (citing DE# 331 at 16:14-16)) (emphasis in original) (footnote added).

Immediately after the defendants reviewed the Assignment while preparing to file their motion for summary judgment, the defendants began arguing that the document was invalid because it appeared to be "backdated."  (DE# 160 at; DE# 233 at 57).  The defendants declined Judge Seitz's invitation to cross-examine Mr. Kukreja about the Assignment at trial.  (DE# 244 at 14-15; DE# 331 at 23-26).

The defendants' strategic decisions not to obtain discovery regarding the plaintiff's Assignment within the discovery period in this action (e.g. not questioning Mr. Kukreja during two separate days of his deposition) or accepting the Court's invitation to question

---

[6]At the hearing before the undersigned wherein the defendants sought discovery regarding the Assignment to support its opposition to the plaintiff's motion for attorneys' fees, the undersigned expressed his expectation that the billing entries would reveal that "Osvaldo Torres prepared the Assignment on such and such a date."  (DE# 331, at 19:16-19).  Plaintiff's counsel responded, "Right.  And there isn't anything like that."  "There's not one entry they can point to where it says somebody drafted an assignment agreement after the case is filed, there's nothing like that." Id. at 16:14-16, 19:20-21.

Mr. Kukreja on cross-examination at trial forecloses the defendants' argument that the plaintiff's conduct prevented the defendants from fully and fairly presenting their defense, that is the plaintiff's alleged lack of standing to seek relief for its affiliates' claims. See Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1310-11 (11th Cir. 2003) ("It was Plaintiffs' tactical decisions, not fraud by Defendant, that prevented Plaintiffs from fully presenting their case."). The defendants have failed to show that the plaintiff's alleged misconduct rather than their own lack of diligence and tactical decisions prevented them from fully and fairly presenting their defense. See Leon, 2018 WL 6250529, at *5 (S.D. Fla. Nov. 29, 2018) (unpublished). Because Rule 60(b)(3) does not afford relief when the failure to fully and fairly present a case is the result of a parties' own lack of diligence and tactical decisions rather than fraud, this Court should deny the defendants' motion to reduce the amount of the Final Judgment.

      C.    The Rule 60(b)(3) Motion Is Timely

The plaintiff argues that the defendants' Rule 60(b)(3) motion is untimely because it was not brought within a reasonable period of time as required by the rule. Fed. R. Civ. P. 60( c) ("A motion under Rule 6(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). The plaintiff relies on Leon v. M.I. Quality Lawn Maintenance, Inc., No. 10-20506-CIV-Simonton, 2018 WL 6250529, at *5 (S.D. Fla. Nov. 29, 2018) and the cases cited therein. In Leon, the district court denied Rule 60(b)(3) relief on the ground that the motion was untimely and the defendants failed to show that they were unable to present their case fully due to the plaintiff's alleged fraudulent conduct. Id., at *1.

17

In <u>Leon</u>, the Rule 60(b)(3) motion was filed almost fifteen months after the jury verdict and nine months after entry of the final judgment.  <u>Id</u>., at *4.  The <u>Leon</u> court concluded that the defendants "have not established that the Motion seeking relief from judgment was brought within a reasonable time," "given that the Defendants were aware of the facts related to the Plaintiffs' purported misconduct."  <u>Id</u>., at *5.

In the present case, the defendants filed their Rule 60(b)(3) motion on March 26, 2020, ten months after the Final Judgment (June 6, 2019), and more than eight months after the defendants openly accused the plaintiff and its attorneys of fraud on the court (July 24, 2019) while opposing the plaintiff's recovery of attorneys' fees.  The motion was filed more than seven months after requesting discovery of the fraud during a hearing before the undersigned on August 15, 2019, wherein the undersigned invited the defendants to file a Rule 60(b) motion if the defendants wanted relief.  The subject motion was filed two months after the defendants received a privilege log in the Trademark case that revealed the Assignment was drafted in August 2018. The motion was filed forty-two days after Mr. Kukreja's deposition testimony in the Trademark case.  The plaintiff cites a number of out-of-circuit, non-binding district court cases wherein Rule 60(b)(3) motions have been denied as untimely for short delays ranging between two months and six months.  <u>See</u>, Response at 19, n.14 (DE# 368 at 24, 4/9/2020).

In their Reply, the defendants argue that "CTX does not cite any case suggesting that bringing a Rule 60 motion within 42 days of discovery of new evidence is untimely, much less with an intervening pandemic between the discovery and the filing of the motion." Reply at 12 (DE# 374, at 12, 4/16/2020).  The defendants contend that they

18

sought to obtain discovery into the Prior Assignment that was belatedly produced in the Trademark case before filing their Rule 60(b)(3) motion.  Id.

The undersigned finds that the defendants' Rule 60(b)(3) motion is timely.  The defendants filed the subject motion less than two months after they obtained evidence in the Trademark case to satisfy Rule 60(b)(3)'s requirement that the motion be supported by clear and convincing evidence.  Accordingly, the undersigned recommends that this Court determine that the defendants' Rule 60(b)(3) motion is timely and resolve the defendants' Rule 60(b)(3) motion on the merits.

      D.     The Alleged Fraud Did Not Affect the Amount of the Judgment

The plaintiff argues that the defendants "attempt[ ] to mislead the Court by grossly exaggerating the effect that its meritless standing defense would have had on the amount of damages awarded to CTX."  Response at 19-20 (DE# 368, at 24-25, 4/9/20).  The plaintiff maintains that it "is a party to the written contract that Kinwong materially breached in this case, causing CTX to directly suffer all the damages awarded by the jury."  Id. at 20. The plaintiff maintains that defendants' reliance on a purchase order issued by or a FedEX bill that was addressed to the plaintiff's affiliates does not negate the fact that CTX made the payment for the order.  Id.  The plaintiff argues that "[a]s Kinwong knows, those payments were made by CTX, and CTX could easily demonstrate that in any re-trial."  Id. The plaintiff maintains that it "is the company that suffered all of the losses because it provided the money to cover the expenses that were caused by Kinwong's breaches of contract."  Id. The plaintiff argues further that "Kinwong asks this Court to grant it a $715,747.29 windfall, instead of having a re-trial" because "CTX could easily present

19

evidence demonstrating that it is the company that suffered damages, and that those damages were caused by Kinwong's breaches of contract." Id. Alternatively, the plaintiff argues that Rule 17 of the Federal Rules of Civil Procedure authorizes the real party in interest to ratify a civil action filed by another even after judgment is entered. Fed. R. Civ. P. 17; Arabian American Oil Co. v. Scarfone, 939 F.2d 1472, 1477 (11th Cir. 1991).

In their Reply, the defendants maintain that the plaintiff's affiliates are the real parties in interest and that the plaintiff "concedes that $715,747.29 of the claimed damages flow from purchase orders and freight charges incurred by CTX's affiliates." Reply at 10 (DE# 374, at 12, 4/16/2020). The defendants contend that the plaintiff's "fraudulent conduct precludes CTX from a do-over under Rule 17" and that had the affiliates been added to this lawsuit under Rule 17, they would have destroyed diversity jurisdiction. Id. at 10, n.4. In the present case, the defendants as well as the plaintiff's affiliates are aliens. The Court agrees that the plaintiff's affiliates are unable to ratify the Final Judgment under Rule 17 because their presence in this action would destroy diversity jurisdiction under 28 U.S.C. § 1332. See, Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1557 (11th Cir. 1989) ("The presence of at least one alien on both sides of an action destroys diversity."); cf. Scarfone, 939 F.2d at 1477 (allowing the Kingdom of Saudi Arabia to ratify the judgment in favor of Arabian American Oil, a Delaware corporation principally based in Dharan, Saudi Arabia against an individual in Florida). Accordingly, Rule 17 does not afford the plaintiff an alternative ground to defeat the defendants' Rule 60(b)(3) motion. If this Court determines that the defendants are entitled to relief under Rule 60(b)(3), the plaintiff should be given an opportunity to prove that it

actually suffered the damages attributed to its affiliates in the amount of $715,747.29.

## RECOMMENDATION

In accordance with the foregoing, the undersigned respectfully recommends that the Defendants' Motion to Reduce Plaintiff's Judgment under Rule 60(b)(3) and Incorporated Memorandum of Law (DE# 363, 3/26/2020) **be DENIED**.  If the Court determines that Rule 60(b)(3) relief is warranted, the undersigned recommends that the plaintiff be afforded an opportunity to prove the amount of payments it made for its affiliates.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Ursula Ungaro, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED at the United States Courthouse in Miami, Florida, this  14th   day of August, 2020.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE