UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-22462-UU

CIRCUITRONIX, LLC,

 Plaintiff,

v.

SHENZHEN KINWONG ELECTRONIC
CO., LTD., *et al.*,

 Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Reduce Plaintiff's Judgment Under Rule 60(b)(3) [D.E. 363] (the "Motion") and Chief United States Magistrate Judge John J. O'Sullivan's Report and Recommendation [D.E. 385] (the "R&R"). The Court has made a *de novo* review of the entire file and record herein and is otherwise fully advised in the premises. The matter is now ripe for disposition. For the reasons that follow, the R&R is RATIFIED, AFFIRMED, and ADOPTED, and the Motion is DENIED.

**I. Background**

Plaintiff commenced this breach-of-contract action in July 2017 and, pursuant to a jury verdict, ultimately obtained final judgment against Defendants in the amount of $1,006,832 (the "Final Judgment"). D.E. 292. In the Motion, Defendants move to reduce the Final Judgment under Rule 60(b)(3), asserting that Plaintiff's "$1 million verdict . . . [was] attributable to a contrived fraud on the Court." D.E. 363. More specifically, Defendants contend that "[Plaintiff] and its attorneys committed a fraud on this Court by fabricating a critical piece of evidence to obtain the majority of [Plaintiff's] $1 million judgment." *Id.*

According to Defendants, that "critical piece of evidence" is an Assignment of Claims Agreement purportedly entered into between Plaintiff and its affiliates and/or subsidiaries with an "Effective Date" of January 16, 2017 (the "Assignment"). *Id.* (citing D.E. 137-3, Ex. 1). The Assignment purports to assign all claims against Defendants from Circuitronix Hong Kong Limited ("CHK") and Circuitronix Shenzhen Technology Co. Ltd. ("CST") to Plaintiff. *Id.* Defendants assert that "[b]ut for this Assignment, Defendants would have prevailed on their standing argument at summary judgment" because the Court made "the explicit factual finding that 'Plaintiff's related corporations assigned their rights and claims related to this case ***prior to Plaintiff filing suit***' and that 'Plaintiff proved the existence of the assignment by providing the assignment agreement.'" *Id.*

After the entry of the Final Judgment, however, Defendants discovered that "the Assignment was not even drafted until August 2018," and that the final version of the Assignment was signed "in late August 2018, even though it states on its face that the parties had 'executed this Agreement as of' January 16, 2017." *Id.* Defendants contend that once "the jig was up" (*i.e.*, once Defendants obtained that admission that the Assignment was drafted and signed in August 2018), Plaintiff fabricated a "Prior Assignment" to "attempt to justify their initial back execution of the Assignment." *Id.* Like the Assignment, the Prior Assignment "purports to assign claims against [Defendants] from [Plaintiff's] affiliates to [Plaintiff]" and represents that it was signed on January 16, 2017. *Id*.

Defendants contend that the "creation and use of the back-executed Assignment to make it appear as if it were a pre-litigation assignment of claims" constitutes fraud on the Court. *Id.* According to Defendants, "[Plaintiff] and its attorneys fabricated the Assignment and submitted it to the Court as if it were an effective, pre-litigation assignment, rather than what it truly was—a

legally deficient *nunc pro tunc* assignment." *Id.* And as such, "the Court was misled into making the factual finding that the Assignment was signed 'prior to Plaintiff filing suit' to deny summary judgment on standing." *Id.*

In its opposition to the Motion, Plaintiff argues that Defendants' fraud argument fails because "[t]he 'Effective Date' and 'as of' language in the [Assignment] refer to the date [Plaintiff] and its affiliates first agreed to the assignment," such that the Assignment "formalizes and memorializes an assignment that was agreed by the parties as of the prior effective date stated in the document." D.E. 368. Plaintiff contends that Defendants' Motion is "based on the false assertion that [Plaintiff's] related corporations ***did not assign*** their claims on January 16, 2017, and, by extension, that the Court was wrong to conclude that the claims were assigned 'prior to Plaintiff filing suit.'" *Id.* But, according to Plaintiff, "the only piece of evidence" attached to the Motion "confirms that the claims were assigned on January 16, 2017." *Id.* Plaintiff thus contends that Defendants fail to meet their burden of proof to establish the alleged fraud. *Id.*

On April 13, 2020, the Court referred Defendants' Motion to Magistrate Judge O'Sullivan to determine whether Plaintiff and its attorneys committed fraud on the Court. *See* D.E. 369. Magistrate Judge O'Sullivan issued the R&R on August 14, 2020, finding that Defendants "have failed to show by clear and convincing evidence that the assignment of claims from [Plaintiff's] affiliates constituted a fraud on the Court." D.E. 385. Accordingly, Magistrate Judge O'Sullivan determined that Defendants "are not entitled to Rule 60(b)(3) relief" and recommended that the Motion be denied. *Id.*

**II.     Legal Standard**

Upon receipt of specific objections to a magistrate judge's findings and recommendations, a "United States District Judge shall make a *de novo* determination of those portions of the report."

*Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006).  Under Rule 60(b)(3), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct."  Fed. R. Civ. P. 60(b)(3).  To obtain relief from a final judgment under Rule 60(b)(3), "the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentation, or other misconduct."  *Waddell v. Hendry Cty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003).  In addition, "[t]he moving party must also show that the conduct prevented the losing party from fully and fairly presenting his case or defense."  *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000).  A court also may grant relief from a judgment predicated upon fraud under its inherent powers.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

**III.   Analysis**

Upon a *de novo* review, the Court agrees with Magistrate Judge O'Sullivan's recommendation and concurs in all of the R&R's findings.  As Magistrate Judge O'Sullivan correctly observed, "[t]he crux of [Defendants'] fraud on the court argument is that [Plaintiff] misrepresented that the subject Assignment was executed as of January 2017, when in fact it was signed in August 2018." D.E. 385.  In essence, Defendants' dispute the validity of the assignment of claims to Plaintiff.  Defendants contend that Plaintiff's affiliates—CHK and CST—never assigned their claims against Defendants to Plaintiff prior to the commencement of this lawsuit, but that Plaintiff "fabricated" the Assignment during the course of the litigation to mislead the Court into believing that CHK and CST made effective, pre-litigation assignments of their claims to Plaintiff.

In ostensible support of the purported fraud, Defendants point to Plaintiff's counsel's billing records, which "show that at least three [of Plaintiff's] lawyers spent significant time researching and discussing the 'availability of assigning claims,' after this lawsuit was filed in order 'to defeat [Defendants'] lack of standing defense.'" D.E. 363.  Defendants contend that the research "would have revealed the insufficiency of a retroactive assignment," and they speculate that based on the expected research findings, Plaintiff's lawyers engaged in a sequence of fraudulent events, beginning with the "deliberate drafting" of the Assignment "to reflect that[] it had been 'executed . . . as of' a date prior to the date the lawsuit was filed." *Id.*  In addition, Defendants attach the transcript of the deposition of Rishi Kukreja, Plaintiff's Chief Executive Officer, and specifically cite to Mr. Kukreja's admission that the Assignment was drafted and signed "at some point between August 24, 2018, and August 27 of 2018." *Id.*, Ex. 1.  According to Defendants, that admission is the "smoking gun" demonstrating that Plaintiff fabricated "a pre-filing assignment to overcome its lack of standing." *Id.*  Defendants argue that Plaintiff's actions "permit[] no inference other than a bad-faith intent to mislead the Court and hamper [Defendants'] ability to prosecute its standing defense—which would have precluded [Plaintiff] from recovering over $715,000." *Id.*

The Court finds that Defendants fail to carry their burden to establish by clear and convincing evidence that Plaintiff's purported "back execution" of the Assignment constitutes fraud on the Court.  Defendants' Motion is predicated upon little more than speculation that Plaintiff and its affiliates executed an impermissible retroactive assignment of claims and misled the Court by drafting the Assignment to state that the assignment of claims was executed as of January 16, 2017.  But, as even Defendants concede, parties to a contract may give the contract an "Effective Date" that is earlier than the date on the agreement was drafted or signed.  *See, e.g.*, *Atl.*

*Banana Co. v. Standard Fruit & S.S. Co.*, 493 F.2d 555, 559 (5th Cir. 1974) ("[N]o serious contention can be made that the parties intended to enter legally binding relations only upon subsequently reducing the oral agreement to writing.  Instead, . . . as prudent businessmen, the parties simply intended to memorialize their already obligatory agreement . . . ." (internal citations omitted)); *Setai Hotel Acquisition, LLC v. Miami Beach Luxury Rentals, Inc.*, 2017 WL 3503371, at *2 (S.D. Fla. Aug. 15, 2017) ("[T]he Court finds that the post-dated signatures here do not alter the effective date expressly provided for in the Lehman Assignment.").  And regardless of when the Assignment was drafted and signed, Defendants fail to present clear and convincing record evidence to establish that the language in the Assignment—that the assignment of claims was executed as of January 16, 2017—is a material misrepresentation.  Moreover, Mr. Kukreja's testimony confirms that he signed a document memorializing the assignment of claims from CHK and CST to Plaintiff in "January 2017 or beginning of February 2017."  D.E. 363-1 at 394:17–397:19.  Defendants offer no evidence to refute this testimony.

Simply put, Defendants' speculation that Plaintiff's affiliates did not assign their claims to Plaintiff in January 2017 is not supported by clear and convincing evidence.  Defendants' accusations of fraud are insufficient to warrant relief under Rule 60(b)(3).  *See, e.g.*, *Attea v. Univ. of Miami*, 678 F. App'x 971, 975 (11th Cir. 2017) ("[Plaintiff] did not meet his burden of showing clear and convincing evidence of fraud, misrepresentation, or misconduct under Rule 60(b)(3) because he presented slight, if any, evidence that any fraud, misrepresentation, or misconduct occurred."); *S.E.C. v. N. Am. Clearing, Inc.*, 656 F. App'x 947, 949 (11th Cir. 2016) (explaining that under Rule 60(b)(3), "[m]ere conclusory statements of the existence of fraud will not suffice"); *Alarm Grid, Inc. v. Alarm Club.com, Inc.*, No. 17-80305-CV, 2018 WL 395382, at *4 (S.D. Fla. Jan. 12, 2018) (denying relief under Rule 60(b)(3) despite "some inconsistencies" because

"Plaintiff provides insufficient evidence that Defendant's conduct rose to the level of fraud."). Accordingly, Defendants fail to meet their burden to obtain relief from the Final Judgment under Rule 60(b)(3).

Defendants object to the R&R's findings, arguing that: (1) Plaintiff's "back-execution" of the Assignment constitutes fraud; (2) the Prior Assignment cannot be considered; (3) fraud on the Court cannot be waived; and (4) Plaintiff's purported fraud affected the amount of the judgment. D.E. 387. With respect to the first, third, and fourth "objections," Defendants generally restate the arguments they made to Magistrate Judge O'Sullivan in the Motion. Those arguments were specifically and properly addressed in the R&R, and the Court finds that Magistrate Judge O'Sullivan correctly applied the law to the relevant facts.

Further, the Court finds no merit in Defendants' remaining objection that Magistrate Judge O'Sullivan erred by relying on the Prior Assignment to "absolve [Plaintiff's] submission of the back-executed Assignment to the Court." D.E. 387. Even if the Court were to disregard the Prior Assignment, Defendants still fail to prove by clear and convincing evidence that Plaintiff committed fraud on the Court by "fabricating" a pre-filing assignment of claims. And as the moving party, the burden is on Defendants to do so. *See Waddell*, 329 F.3d at 1309.

As a final matter, Plaintiff offers an objection to the R&R, arguing that "[i]n addition to the reasons stated in the R&R, [Defendants'] Rule 60 motion should be denied for the independent reason that it was not filed within a 'reasonable' period of time, as required by the Rule." D.E. 388. But Plaintiff presented the same argument in its opposition to the Motion, and Magistrate Judge O'Sullivan specifically addressed the timeliness of the Motion in the R&R. The Court agrees with Magistrate Judge O'Sullivan and finds that the Motion is timely, as Defendants filed the Motion within a year of the Final Judgment and within 42 days after Defendants obtained the

deposition testimony of Mr. Kukreja, which revealed that the Assignment was drafted and signed in August 2018. Although the Motion is ultimately unsuccessful, it is not untimely.

### IV. Conclusion

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that the R&R (D.E. 385) is RATIFIED, AFFIRMED, and ADOPTED. Defendants' objections (D.E. 387) and Plaintiff's objections (D.E. 388) are OVERRULED. It is further

ORDERED AND ADJUDGED that the Motion (D.E. 363) is DENIED.

DONE AND ORDERED in Chambers, Miami, Florida, this 30th_ day of December, 2020.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies furnished:
All counsel of record