UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-22462-CIV-SINGHAL

CIRCUITRONIX, LLC,

    Plaintiff,

v.

SHENZHEN KINWONG ELECTRONIC
CO., LTD., and KINWONG ELECTRONIC
(HONG KONG) CO., LTD.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon the Supplemental Motion for Attorney's Fees by Circuitronix, LLC (DE [404]), the Report and Recommendations of the Magistrate Judge (DE [408]), and Circuitronix's *Nunc Pro Tunc* Motion for Extension of Time (DE [410]). The Magistrate Judge recommended that the Supplemental Motion for Attorney's Fees be denied without prejudice because the pendency of the parties' cross-appeals divested this Court of jurisdiction.

On April 1, 2021, Defendants objected to the Report and Recommendation on the ground that the Supplemental Motion for Attorney's Fees was filed on March 2, 2021, one day beyond the 60-day filing deadline prescribed by Local Rule 7.3(a)(1). On April 15, 2021, Circuitronix filed its *nunc pro tunc* Motion for Extension of Time asking for a one-day extension because the Court's CM/ECF system was not operating on March 1, 2021, the date the Supplemental Motion for Attorney's Fees was due. Defendants object to the requested enlargement of time on the ground of laches, arguing that Circuitronix offered no excuse for its delay in seeking an extension and, therefore, "slept on its right" to relief.

Notably, Defendants do not explain how the delay caused it prejudice.[1]  Accordingly, it is hereby

**ORDERED AND ADJUDGED** the Report and Recommendations of the Magistrate Judge (DE [408]) is **APPROVED AND ADOPTED,** that the Supplemental Motion for Attorney's Fees by Circuitronix, LLC (DE [404]) is **DENIED WTIHOUT PREJUDICE** to renew within 30 days of termination of the appeal, and that Circuitronix's *Nunc Pro Tunc* Motion for Extension of Time (DE [410]) is **GRANTED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 9th day of June 2021.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF

---

[1] The equitable doctrine of laches bars the assertion of legal positions where there is "(1) a delay in asserting a right or claim; (2) . . . the delay was not excusable; and (3) . . . the delay caused the defendant undue prejudice." *Groucho's Franchise Sys., LLC v. Grouchy's Deli, Inc.*, 683 Fed. Appx. 826, 829 (11th Cir. 2017).